**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| David Meller and Kerstin Robinson, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Wings Over Spartanburg, LLC; Wings Over America, Inc.; Aetius Companies, LLC; Aetius Franchising, LLC.; Aetius Holdings, LLC; Aetius Restaurant Holdings, LLC; and Aetius Restaurant Group, LLC,<br><br>Defendants. | C.A. No.: 2:15-cv-2094-PMD<br><br>**ORDER** |

This matter is before the Court on Plaintiffs' motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 79). For the reasons set forth herein, Plaintiffs' motion is denied.

**BACKGROUND AND PROCEDURAL HISTORY**

This FLSA collective action arises out of Plaintiffs' allegations that Defendants required servers at several Wild Wing Cafe restaurants to contribute to tip pools that were shared with employees who did not customarily and ordinarily receive tips. The Court approved the parties' consent motion to certify a class on June 13, 2016. After the close of the opt-in period, Plaintiffs and Defendants filed a joint stipulation of dismissal on November 10, 2016. That stipulation dismissed the claims of ten opt-in plaintiffs whose consent forms were not timely submitted, including Miranda Daly and Tyler Boland. Approximately nine months later, Plaintiffs discovered that Daly and Boland's consent forms might have actually been timely submitted. As a result,

Plaintiffs filed their motion for relief from that stipulation of dismissal pursuant to Rule 60(b) on October 12, 2017. Defendants responded on October 26, and Plaintiffs replied on October 31. Accordingly, this matter is now ripe for consideration.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b) states:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "In order to obtain relief under Rule 60(b) the moving party must 'show (1) that the Rule 60(b) motion is timely; (2) that [the non-moving party] will not suffer unfair prejudice if the default judgement is set aside; and (3) that [the movant's defense] is meritorious.'" *State Farm Life Ins. Co. v. Murphy*, No. 2:15-cv-4793-DCN, 2017 WL 4551488, at *2 (D.S.C. Oct. 12, 2017) (quoting *Westlake Legal Grp. v. Yelp, Inc.*, 599 F. App'x 481, 484 (4th Cir. 2015)). Additionally, "[w]hen a moving party seeks relief under the catch-all provision of subsection (b)(6), he must also show the existence of 'extraordinary circumstances.'" *Id.* (quoting *Murchison v. Astrue*, 466 F. App'x 225, 229 (4th Cir. 2012)). "Extraordinary circumstances are those that

create a substantial danger that the underlying judgment was unjust." *Murchison*, 466 F. App'x at 229 (quoting *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir. 1986)).

**DISCUSSION**

Plaintiffs ask the Court to relieve them from the joint stipulation of dismissal that the parties agreed to and filed on November 10, 2016. Plaintiffs' motion is made under both Rule 60(b)(2) and Rule 60(b)(6). Applying Rule 60(b), the Court turns first to timeliness. Plaintiffs' motion was filed within a year of the stipulated dismissal, so it is not subject to Rule 60(b)(2)'s one-year bar. Nonetheless, Defendants argue that Plaintiffs' motion is still untimely. According to Defendants, Daly and Boland were aware of the dates that they mailed their opt-in consent forms at the time the parties filed their stipulation of dismissal. As a result, Defendants claim that waiting almost a year to present these claims is unreasonable. Plaintiffs disagree, and represent that they began discussing this issue with Defendants in August 2017, but that they were forced to file the instant motion when the parties could not agree to a resolution. Here, the Court concludes that the motion was timely as it was filed less than a year after the stipulated dismissal.

Next, the Court turns to the question of whether Plaintiffs' discovery that Daly and Boland's consent forms were timely constitutes newly discovered evidence as contemplated by Rule 60(b)(2). The Court concludes that it does not. Plaintiffs argue that Daly's consent form was timely because the envelope[1] that she used to mail her consent form bears a Pitney Bowes stamp dated August 15, 2016. However, the official United States Postal Service postmark is dated August 16. Because August 15 was the final day to opt-in, Plaintiffs apparently initially considered Daly's consent form untimely based on the USPS postmark.

---

1. Neither Daly nor Boland received a postage pre-paid envelope. According to Plaintiffs, the third-party administrator responsible for contacting the potential opt-ins was supposed to include such an envelope with the consent forms.

3

Boland's argument is similar, but does not involve any physical evidence of timeliness like Daly's Pitney Bowes stamp. Boland states that he also had to use his own envelope to return the consent form, that he put a postage stamp on that envelope, and that he placed the stamped envelope in his apartment complex's outgoing mail on August 8, 2016. According to Plaintiffs, that envelope was sent to Columbia for processing because it did not have a barcode. As a result, Plaintiffs claim that it was not stamped with a postmark until it reached Columbia on August 16, 2016.

To succeed on a claim of newly discovered evidence, the moving party must demonstrate that:

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

*Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (citations omitted). Although Plaintiffs have made a showing of most of these factors, the Court agrees with Defendants that Plaintiffs did not exercise reasonable diligence in discovering the new evidence. The opt-in period in this case closed on August 15, 2016. After a status conference on September 6, 2016, the Court entered a text order stating that "Plaintiffs' counsel may move to permit additional opt-ins as may be necessary. However, Plaintiffs are forewarned that such additional opt-ins must meet the standard articulated in *McCoy v. RP, Inc.*" *Meller v. Wings Over Spartanburg, LLC*, No. 2:15-cv-2094-PMD, slip op. (D.S.C. Sept. 28, 2016). A month and a half later, the parties filed the stipulation of dismissal, dismissing ten opt-in plaintiffs' claims with prejudice for failure to timely file their consent forms. Taking Plaintiffs' counsel at their word, they did not discover that Daly and Boland

had timely filed their consent forms until August 2017[2] at the earliest. The Court concludes that such a delay is inconsistent with reasonable diligence.

Plaintiffs' counsel argues that they were unaware of the facts described above when deciding whether to stipulate to the dismissal of Daly and Boland's claims, and that the parties had encountered some difficulty with their third-party administrator. Assuming that all of those things are true, the Court is still not persuaded that Plaintiffs were reasonably diligent in discovering this evidence. Critically, Plaintiffs had access to Daly and Boland themselves and could have asked them at any time whether they had timely filed their consent forms. Moreover, there were several junctures where it would be natural for Plaintiffs to make such an inquiry. First, the Court noted in its September 28 Text Order that Plaintiffs could move to permit additional opt-ins as may be necessary. Daly and Boland's consent forms were both postmarked August 16 by the USPS. Thus, although they were facially untimely based on the USPS postmark, they were not significantly out of time and could have been presented to the Court under the good cause standard articulated in *McCoy*. It would not be unreasonable for Plaintiffs to have moved to include Daly and Boland at that time, and Plaintiffs likely would have discovered that the consent forms were timely at that stage. Second, before stipulating to dismiss Daly and Boland's claims, it would stand to reason that Plaintiffs would ask Daly and Boland when they mailed their consent forms and explain that their claims were subject to dismissal because those consent forms were not mailed in time. At that time, Daly and Boland would have been able to explain that they had timely mailed their consent forms. Finally, Daly's envelope plainly indicates the two different postmarks, including the timely Pitney Bowes stamp. The envelopes in which the consent forms were mailed were the

---

2. Although the instant motion was not filed until October 2017, Plaintiffs state that they have been attempting to resolve this matter with Defendants since August 2017 and only filed the instant motion after those negotiations were unsuccessful.

5

instrument the parties used to determine whether a consent form was untimely. Thus, Plaintiffs could have realized the difference between the Pitney Bowes stamp and the USPS stamp at the time they were screening the envelopes. For all of the above reasons, the Court cannot conclude that Plaintiffs' failure to discover these issues until August 2017 constitutes reasonable diligence.

Finally, Plaintiffs assert that the Court should grant their motion based on Rule 60(b)(6)'s catchall category. "Rule 60(b) vests wide discretion in courts, but we have held that relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Buck v. Davis*, 137 S. Ct. 759, 778 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors." *Id.* "Rule 60(b)(6) is construed strictly to preserve the finality of judgments, so that only 'extraordinary circumstances' will justify relief." *Belfor USA Grp., Inc. v. Banks*, No. 2:15-cv-1818-DCN, 2017 WL 372060, at *4 (D.S.C. Jan. 26, 2017) (quoting *Reid v. Angelone*, 396 F.3d 363, 370 (4th Cir. 2004)). The Court cannot conclude that these are extraordinary circumstances.

Plaintiffs primarily base their Rule 60(b)(6) argument on the FLSA's remedial statutory scheme. As a result, they argue that the Court should be lenient and look to the good cause standard discussed in *McCoy* in deciding whether to allow Daly and Boland's claims to go forward. In fact, Plaintiffs' extraordinary circumstances argument is entirely based on the premise that it would be unfair to not allow Daly and Boland to participate in this action. However, Plaintiffs have failed to show why the above-discussed circumstances were extraordinary. Plaintiffs themselves stipulated to dismissing Daly and Boland's claims, and Plaintiffs chose not to move for relief earlier when the Court ruled that Plaintiffs could move to include other opt-ins. The Court sympathizes with Daly and Boland, but this case does not present the circumstances necessary to warrant relief under Rule 60(b)(6) and undermine the finality of their stipulated dismissal.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for relief pursuant to Rule 60(b) is **DENIED**.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**December 27, 2017**
**Charleston, South Carolina**